UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SCOTT,

        Plaintiff,

                                      Case No. 09-CV-12129
vs.                                  HON. GEORGE CARAM STEEH

BERNADETTE STONE, MICHAEL LEWIS,
JAN BIGELOW, and TRACIE SHAW,

        Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO IMPOSE COSTS AND STAY PROCEEDINGS (# 18)

Defendants Bernadette Stone, Michael Lewis, Jan Bigelow, and Tracie Shaw move under Federal Rule of Civil Procedure 41(d) for an order requiring plaintiff David Scott to pay taxable costs incurred by Michigan Attorney General Michael A. Cox in defending Scott's previous lawsuit against them, Scott v. Stone, 03-75123 ("Stone I"), and to stay this lawsuit until such costs have been paid. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Plaintiff Scott, as a state prisoner appearing pro se, filed Stone I on January 28, 2004 alleging 42 U.S.C. § 1983 First Amendment conspiracy and retaliation claims against Saginaw Valley Correctional Facility Grievance Coordinator Stone, Assistant Resident Unit Supervisor Shaw, Resident Unit Officer Lewis, and Resident Unit Officer Bigelow. Scott alleged that Stone, Lewis, Bigelow, and Shaw conspired to file four false major misconduct charges against him on January 19, 2001 in retaliation for his filing over 100 prison

grievances from August 2000 through January 2001. This court granted summary judgment in favor of each of the four defendants on March 6, 2006. On November 13, 2007, a panel of the Sixth Circuit reversed, and remanded Scott's First Amendment claims for trial. See Scott v. Stone, 254 Fed. App'x 469 (6th Cir. 2007). Attorney Kurt Koehler, acting pro bono, filed an appearance on behalf of Scott on May 6, 2008. The court issued a July 2, 2008 scheduling order allowing for further needed discovery, and set the jury trial for June 2, 2009. A joint final pretrial order entered on May 26, 2009, and the court adjudicated pretrial motions on June 1, 2009. Jurors were assembled for the June 2, 2009 trial.

On the morning of trial, June 2, 2009, Scott asked Mr. Koehler to move for voluntary dismissal of his claims without prejudice under Federal Rule of Civil Procedure 41(a). After considerable discussion and a hearing on the record, the court granted Scott's motion for voluntary dismissal. See June 2, 2009 Order. The court cautioned Scott prior to granting the motion that it was "virtually certain" the court would impose monetary sanctions if Scott refiled the lawsuit, including entry of an order requiring Scott to pay defense counsel's costs incurred to date and the costs of assembling the jury. The court also advised that it was within the court's discretion whether to impose such costs after considering the totality of the circumstances. After the court granted the motion for voluntary dismissal, Scott, appearing pro se, refiled Scott I the same day, on June 2, 2009. The instant Complaint alleges the same First Amendment conspiracy and retaliation claims against defendants Stone, Lewis, Bigelow, and Shaw.[1] Scott has not filed a response to defendants' motion.

_____

[1] The Scott I Complaint was handwritten, while the instant Complaint is typed. With the exception of a few inconsequential changes, the two Complaints are identical. Exhibits attached to the Complaints are also identical. Scott filed a First Amended Complaint on

At a plaintiff's request, an action may be voluntarily dismissed only by court order, and on terms the court considers proper. Fed. R. Civ. P. 41(a)(2). If a plaintiff has previously dismissed an action and files an action based on or including the same claims against the same defendants, the court may order the plaintiff to pay all or part of the costs of the previous action and stay the proceedings until the plaintiff has complied. Fed. R. Civ. P. 41(d). Whether to impose costs under Rule 41(d) is within the discretion of the court. Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 874 (6th Cir. 2000). A defendant need not show "bad faith" on the part of the plaintiff to obtain relief under Rule 41(d). Id. Rule 41(d) is intended to prevent a plaintiff from gaining a tactical advantage by dismissing and refiling a lawsuit. Id.

Scott's First Amendment claims against Stone, Lewis, Bigelow, and Shaw were pending in Scott I since January 28, 2004, and were ripe for jury trial on the morning of June 2, 2009. The court had obtained competent pro bono Counsel Attorney Koehler to represent Scott. Jurors had been assembled for the trial at a cost of $1,616.55. Scott was forewarned on June 2, 2009 that if the court granted his motion for voluntary dismissal, and he refiled Scott I, it was "virtually certain" that some amount of costs would be imposed before he could proceed with the refiled lawsuit. Scott chose to refile the lawsuit within hours after the court granted his oral motion for voluntary dismissal. Having considered the totality of the circumstances, including Scott's representation in his June 2, 2009 application to proceed in forma pauperis[2] that he is without assets, the court is satisfied that Scott

_____

June 24, 2009.

[2]  Scott's application for in forma pauperis status was denied in Scott I under the "three strikes" rule of 28 U.S.C. § 1915(g). Scott was no longer a state prisoner at the time he refiled Scott I on June 2, 2009.

should be required to pay the defendants' costs incurred in <u>Scott I</u> of copying fees ($116.50), deposition transcript costs ($183.70), witness fees and disbursements ($884.93), and travel costs incurred by defense counsel Michigan Assistant Attorney General Michael Dean ($99.94), a total of $1,285.07, as well as the $1,616.55 in costs incurred by the court in assembling the jury for trial.  The court is also satisfied that these proceedings should be stayed until Scott has either paid these costs, or failed to pay these costs within a reasonable time.   Fed. R. Civ. P. 41(d); <u>Rogers</u>, 230 F.3d at 874. Accordingly,

Defendants' motion is hereby GRANTED.  Plaintiff Scott is hereby ORDERED to pay the Office of the Michigan Attorney General $1,285.07.  Plaintiff Scott is also hereby ORDERED to pay the Clerk of the Court $1,616.55, representing the cost of assembling jurors in <u>Scott v. Stone</u>, 03-75123.  This matter is hereby STAYED until Scott demonstrates to the court  on or before December 14, 2009 that these costs have been paid.  The court may reopen this matter and dismiss Scott's claims if Scott does not demonstrate to the court on or before December 14, 2009 that these costs have been paid.

SO ORDERED.

Dated:  September 14, 2009

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 14, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk