UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SCOTT,

        Plaintiff,

vs.

        Case No. 09-CV-12129
        HON. GEORGE CARAM STEEH

BERNADETTE STONE, MICHAEL LEWIS,
JAN BIGELOW, and TRACIE SHAW,

        Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO MODIFY ORDER (# 23)

Plaintiff David Scott, appearing pro per, moves under Federal Rule of Civil Procedure 60(a) and (b)(6) for relief from this court's September 14, 2009 Order requiring him to pay $2,901.62 in costs by December 14, 2009 as a condition of proceeding with this lawsuit, or face dismissal of his claims. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

The underlying circumstances are set forth in the September 14, 2009 Order, and will be reiterated herein only to the extent necessary to adjudicate this motion. On the morning of what was to be the first day of trial in Scott's earlier lawsuit, Scott v. Stone, 03-75123 ("Scott I"), Scott, represented by pro bono counsel, moved orally for voluntary dismissal of his claims without prejudice. Scott was cautioned that it was "virtually certain" that the court would impose monetary sanctions under Rule 41(d) if he refiled Scott I, including defense counsel's costs and the costs of assembling the jury. Scott was advised that the court would take his financial status into consideration as part of the totality of the

circumstances. After granting Scott's motion for involuntary dismissal, Scott appeared <u>pro se</u> that same day, June 2, 2009, and filed the instant lawsuit, alleging the same claims against the same defendants as were alleged in <u>Scott I</u>. On September 14, 2009, the court granted the defendants' motion for costs under Federal Rule of Civil Procedure 41(d), ordering Scott to pay $1,285.07 in defense costs incurred by Michigan Attorney General Michael A. Cox in <u>Scott I</u>, and ordering Scott to pay $1,616.55 to the Clerk of the Court for the costs of assembling the jurors. Scott is also ordered to pay these costs by December 14, 2009 as a condition of proceeding with this second lawsuit, or face dismissal of his claims.

In moving for relief form judgment under Rule 60(a) and (b)(6), Scott asserts that the court failed to specify whether dismissal of this lawsuit would be with or without prejudice. Scott continues that Rule 41(d) does not provide authority for the court to impose a payment deadline. Scott asserts that the court did not impose a deadline on paying costs when it granted his motion for involuntary dismissal, and therefore he was unfairly denied the opportunity to consider this condition in deciding to involuntarily dismiss <u>Scott I</u>. Scott further argues that the court stated in granting his motion for involuntary dismissal that it would only consider the costs incurred by defense counsel in connection with the June 2, 2009 appearance at trial, not defense counsel's costs for the entire lawsuit. Scott argues that the court has overlooked his indigent status. Scott offers to put up collateral to secure his payment of costs, including a September 28, 2009, $50,000.00 default judgment entered in his favor in another 2003 federal lawsuit. Scott asks the court to modify the September 14, 2009 Order to provide that: (1) this case is only stayed pending his payment of the costs, without threat of dismissal; (2) the amount of costs is reduced by 60 percent;

and (3) he may make payments of $100.00 per month with the posting of collateral - two used vehicles worth $9,000.00 and the $50,000.00 default judgment. At minimum, Scott asks for a 90-day extension to pay the costs, or dismissal without prejudice.

Rule 60(a) authorizes a court to correct clerical mistakes arising in judgments or orders arising from oversight. The September 14, 2009 Order contains no clerical mistakes.

Rule 60(b)(6) authorizes a court to grant relief from an order for any other reason not set forth in Rule 60(b)(1-5). Pierce v. United Mine Workers of America Welfare and Retirement Fund for 1950 and 1974, 770 F.2d 449, 451 (6th Cir. 1985). Legal errors are governed by Rule 60(b)(1), and must be raised in the normal time for taking an appeal, which here is 30 days. Id; Fed. R. App. P. 4(a)(1)(A). Scott's instant motion was filed on November 3, 2009, more than 30 days after the challenged September 14, 2009 Order. Relief under Rule 60(b)(6) is merited only under extraordinary circumstances, and can only be used in cases which are not covered under Rule 60(b)(1-5). Pierce, 770 F.2d at 451. Scott's arguments of legal error are governed by Rule 60(b)(1), are untimely, and cannot be addressed under the residual clause of Rule 60(b)(6). Id. Scott has also failed ro present extraordinary circumstances for granting relief under Rule 60(b)(6). Id.

In closing, the court notes that it was authorized by Rule 41(a) to grant Scott's motion for dismissal 'on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The terms of the September 14, 2009 Order are entirely proper under the circumstances of this case. Unless the court states otherwise, as here, a dismissal under Rule 41(a) is without prejudice. Fed. R. Civ. P. 41(a)(2). Scott's claims are subject to dismissal without prejudice if the costs are not paid by December 14, 2009 as ordered. Scott's argument that

he was denied the opportunity to consider that there could be a time frame for paying costs is based on an unreasonable premise that his second filing of the 2003 Scott I case could remain stayed indefinitely. The award of $2,901.62 in costs to defense counsel was unopposed by Scott, and certainly does not represent the defense's entire costs in the four years of litigating Scott I. The court took Scott's indigent status into consideration in issuing its September 14, 2009 Order. Scott's requests that this action remain indefinitely stayed, that the costs be reduced by 60 percent, that he be permitted to make $100.00 monthly payments, and that he be granted an additional 90 days to pay the costs as ordered are not well taken. The September 14, 2009 Order need not be modified to reflect that dismissal will be without prejudice. Fed. R. Civ. P. 41(a)(2). To prevent Scott from simply refiling his complaint upon dismissal and generating a Scott III, Scott will be ordered to show cause before refiling this lawsuit that he has paid the costs as ordered in the September 14, 2009 Order.

Scott's motion for relief from judgment is hereby DENIED. The court's September 14, 2009 Order remains in force and effect.

SO ORDERED.

Dated: November 17, 2009

                                                           s/George Caram Steeh  
                                                           GEORGE CARAM STEEH  
                                                           UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 17, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk